US District Court for the Northern District of Texas

) Craig Cunningham

) Plaintiff, pro se

)

) v.

           **CIVIL ACTION NO.**   **3-16CV-2120G**

)

) Carlos Felix, Adam Albritton, Thomas Moore, Bobby Nichols, Thomas Moore, Kevin Grey, Michael Bradberry, and Steven McCraw

)

) Defendants.

### Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Carlos Felix is an employee of the Texas Department of Public Safety and state trooper. He can be served at Department of Public Safety, 1720 E. Main Street, Waxahachie, Tx 75165.

3. Adam Albritton is an employee of the Texas Department of Public Safety and state trooper. He can be served at 3030 US-287, Corsicana, Texas 75109.

4. Bobby Nichols is a supervisor and employee with the Texas Department of Public Safety and state trooper. He can be served at 3030 US -287 Corsicana, Tx 75109.

5. Thomas Moore is a sergeant and supervisor employee with the Texas Department of Public safety and can be served at 3030 US-287, Corsicana, Texas 75109.

6. Kevin Grey is a supervisor with the Texas Department of Public Safety and can be served at 350 W. IH 30 Garland, Texas 75043.

7. Michael Bradberry is a supervisor and employee of the Texas Department of Public Safety and can be served at 350 W. IH-30 Garland, Texas 75043.

8. Steven McCraw is the director of the Texas Department of Public Safety and can be served at 5805 N. Lamar Blvd., Box 4087, Austin, Tx 78773.

## Jurisdiction

9. Jurisdiction and Venue of this court arises as the defendants reside here and the actions complaind of took place here.

## FACTUAL ALLEGATIONS

10. In January 2016, the Plaintiff was driving a vehicle which was in proper working condition and was otherwise following all traffic laws and regulations.

11. The Plaintiff passed a DPS car which was traveling in the right lane of a 2 lane road on the left, signaled a lane change to the right, and then made a lane change from the left lane to the right.

12. Shortly thereafter, the Plaintiff observed emergency lights flashing from the DPS vehicle indicating for the Plaintiff to pull over.

13. The Plaintiff pulled over to the right side of the road and was approached by Trooper Felix who then lied claiming that the Plaintiff failed to signal his lane change and then began attempting to interrogate and question the Plaintiff.

14. The Plaintiff asserted his right to remain silent, stated his non-consent to a search and requested a lawyer be present if any questioning was going to continue.

15. Trooper Felix then took the Plaintiff's license and ran a computer check on it, returned to the Plaintiff's vehicle and again attempted to question the Plaintiff now accompnaied by Trooper Albritton who was the field training officer for Trooper Felix.

16. Trooper felix then issued the Plaintiff a warning for failure to signal his lane change and returned the Plaintiff's license and permitted the Plaintiff to leave.

17. The Plaintiff then filed a formal complaint against Troopers Felix and Albritton for an improper detention and traffic stop with the Texas Department of Public Safety. The Plaintiff spoke with a Captain Nichols the supervisor of Trooper Felix who stated that after reviewing the video of the traffic stop, that the Plaintiff's tail light did signal the right lane change, twice and the traffic stop should not have occured as there was a lack of probable cause to support a traffic infraction by the Plaintiff.

18. The Captain then began making excuses for why the officers failed to see the Plaintiff turn signal, otherwise known as keeping your eyes on the road, stating that there are many distractions in a patrol car or that the Defendant officers may have been looking at the vehicles to their rear or screwing with the radar gun, or doing something other than watching the road and vehicles ahead of them as they traveled at more than 60 miles per hour.

19. The Plaintiff recieved a letter dated May 13, 2016 in relation to the Plaintiff's complaint which states: *"Trooper Felix did not observe the brief signal intention that led to the reason for the traffic stop. The video clearly shows the brief signal given. Trooper Felix erred in stopping you for this violation. Trooper Felix's supervisor has addressed this problem."*[1]

20. There was no disciplinary action take for the improper detention of the Plaintiff, even though the Defendants acknowledged that the traffic stop was improper and no traffic infration occured as alleged by Trooper Felix. Furthermore, no inquiry or investigation was conducted with regards to Trooper Albritton's actions or more appropriately inaction as a supervisory Field training officer, at all, despite Trooper Albritton being in charge of a rookie probationary officer and allowing Trooper Felix to make an improper traffic stop and failing to intervene to stop the illegal detention of the Plaintiff.

21. Trooper Felix violated the Plaintiff's 4th, 5th, and 14th Amendment rights by illegally detaining the Plaintiff without probable cause and then by extending the

---

[1] See Exhibit A.

traffic stop by attempting to question the Plaintiff. Additionally, the questioning violated the Plaintiff's right to remain silent and right to have a lawyer present as the Plaintiff exercised these rights and they were ignored by Trooper Felix.

22. Trooper Albritton violated the Plaintiff's 4th, 5th, and 14th Amendment rights by illegally detaining the Plaintiff, failing to intervene and stop the Plaintiff's illegal detention, failing to intervene and permitting the Plaintiff to be illegally detained further by being questioned, and by failing to interevene to respect the Plaintiff's right to not be questioned without a lawyer present.

### Supervisor Liability

23. Bobby Nichols, Steven McCraw, Kevin Gray, and Michael Bradberry as supervisors are also liable as supervisors for the violations o fthe Plaintiff's rights in this encounter as they each set in motion by their failure to train, supervise, and discipline the two officers a series of acts that they knew or should have reasonably known would cause the subordinates to deprive the Plaintiff of his rights under the 4th, 5th, and 14th Amendments.

24. Each of the named supervisors above knew or should have known that these two officers were engaging in illegal traffic stops and that the conduct of Troopers Albritton and Felix would deprive the Plaintiff of his rights under the law.

25. Each of the named supervisors failed to adequately train, supervise, or control their subordinates which caused the subordinates Troopers Felix and Albritton to deprive the Plaintiff of his rights under the 4th, 5th, and 14th amendments.

26. Each of the named supervisors acquiesed to the illegal acts of Trooper Albritton and Felix in making illegal traffic stops without punishment or objection.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Plaintiff's 4th Amendment Rights

27. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. The foregoing actions by the Defendants constitute multiple violations of the Plaintiff's rights under the 4th amendment of the US Constitution.

## CAUSES OF ACTION:

### COUNT II

### Violations of the Plaintiff's 5th Amendment Rights

29. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The foregoing actions by the Defendants constitute multiple violations of the Plaintiff's rights under the 5th amendment of the US Constitution.

### COUNT III

## Violations of the Plaintiff's 14th Amendment Rights

31. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The foregoing actions by the Defendants constitute multiple violations of the Plaintiff's rights under the 14th amendment of the US Constitution.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Actual damages of $100,000

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action as incurred; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, July 14th, 2016

Mailing address:

5543 Edmondson Pike, ste 248 Nashville, TN 37211

Nashville, Tn 37211

615-348-1977

# TEXAS DEPARTMENT OF PUBLIC SAFETY

5805 N LAMAR BLVD • BOX 4087 • AUSTIN, TEXAS 78773-0001
512/424-2000
www.dps.texas.gov




STEVEN C. McCRAW
DIRECTOR
DAVID G. BAKER
ROBERT J. BODISCH, SR
DEPUTY DIRECTORS

COMMISSION
A. CYNTHIA LEON, CHAIR
MANNY FLORES
FAITH JOHNSON
STEVEN P. MACH
RANDY WATSON

May 13, 2016

Craig Cunningham
5543 Edmondson Pike, ste 248
Nashville, TN 37211

RE: Complaint Against Trooper Carlos Felix

Your complaint against Trooper Carlos Felix has been investigated. A video recording of the traffic stop was reviewed and Trooper Felix was interviewed in reference to your concerns.

Trooper Felix did not observe the brief signal intention that lead to the reason for the traffic stop. The video clearly shows the brief signal given. Trooper Felix erred in stopping you for this violation. Trooper Felix's supervisor has addressed this problem. No other law or policy violation occurred.

Thank you for bringing this matter to our attention.

Bob Nichols, Captain
Service Commander THP/HP 1A
350 W. IH 30
Garland, Texas 75043


cc: Michael Bradberry, Major
    file

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Craig Cunningham

**DEFENDANTS**
Carlos Felix

RECEIVED
JUL 21 2016
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
5543 Edmondson Pike, ste 248
Nashville, TN 37211

Attorneys *(If Known)*
None

3-16CV-2120G

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
42 USC 1983, civil rights police misconduct

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 10,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

**DATE**
07/14/2016

**SIGNATURE OF ATTORNEY OF RECORD**
*[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

