**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2120-G-BK |
| | § | |
| CARLOS FELIX, et al., | § | |
|     **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, *Defendants' Motion to Dismiss*, Doc. 6, has been referred to

the undersigned for a recommendation.  For the reasons stated herein, it is recommended that the

motion be **GRANTED IN PART**.

**I. BACKGROUND**

*Pro se* plaintiff Craig Cunningham brings this civil rights action against Texas

Department of Public Safety employees Carlos Felix, Adam Albritton, Bobby Nichols, Thomas

Moore, Kevin Gray, Michael Bradberry, and Steven McCraw based on events stemming from a

June 2016 traffic stop.  Doc. 3 at 2-3.  Plaintiff alleges that while driving, he properly signaled a

lane change, yet was pulled over by Texas State Troopers Felix and Albritton.  Doc. 3 at 2-3.

Plaintiff further alleges that despite stating that he wanted to remain silent, refusing to consent to

a search, and requesting that a lawyer be present for further questioning, Trooper Felix attempted

to question him.  Doc. 3 at 3.  After Trooper Felix ran a computer check on Plaintiff's driver's

license, Plaintiff was issued a warning, and permitted to leave.  Doc. 3 at 3.

Plaintiff subsequently lodged a formal complaint against Troopers Felix and Albritton,

citing an "improper detention and traffic stop."  Doc. 3 at 3.  Plaintiff alleges that he

subsequently received a letter from Defendant Bobby Nichols, Troopers Felix's and Albritton's

supervisor, explaining that a review of the video recording of the traffic stop revealed that Plaintiff had indeed signaled before changing lanes, and Troopers Felix and Albritton had erred in pulling him over.  Doc. 3 at 3, 8.  However, no investigation or inquiry was ever conducted, and no disciplinary action was taken against Troopers Felix and Albritton.  Doc. 3 at 4.

In this section 1983 action, Plaintiff alleges Troopers Felix and Albritton of violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments based on their illegal detention of him.  Doc. 3 at 4-5.  Plaintiff also claims Defendants Nichols, Moore, Gray, Bradberry, and McCraw are liable as supervisors due to their failure to train, supervise, and discipline Troopers Felix and Albritton.[1]  Doc. 3 at 5.  Plaintiff seeks actual damages of $100,000.00, attorney's fees, and court costs.  Doc. 3 at 7.

Defendants Albritton, Nichols, Moore, Gray, Bradberry, and McCraw (collectively "Defendants") now move to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Doc. 6.  Plaintiff has not filed a response to the motion to dismiss.

## II. LEGAL STANDARD

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d

---

[1] According to Plaintiff's Complaint, Defendants Nichols, Moore, Gray, Bradberry, and McCraw work for the Texas Department of Public Safety in various supervisory capacities.  Doc. 3 at 2.
[2] As discussed *infra*, Trooper Felix has yet to be properly served, and has not yet answered or otherwise appeared.

973, 975 (5th Cir. 1995) (quotation omitted).  When considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff.  *Id.*  However, the complaint should not simply contain conclusory allegations, but must be pleaded with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted).  To state a claim under section 1983, a plaintiff must allege facts that show he has been deprived of a right secured by the Constitution and the laws of the United States, and the defendants were acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's claims arguing that they (1) fail to overcome Defendants' assertion of qualified immunity, and (2) fail to establish violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.

#### A.  Qualified Immunity

Defendants argue that Plaintiff has not pled facts sufficient to overcome their defense of qualified immunity.  Doc. 6 at 5-6, 8.  Because Plaintiff was not required to anticipate Defendants' qualified immunity defense in his initial pleading, however, Defendants have prematurely sought dismissal on this ground.  A plaintiff need not "fully anticipate the [qualified immunity] defense in his complaint at the risk of dismissal under Rule 12."  *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995).  Prior to filing the instant motion, Defendants had neither

answered Plaintiff's complaint nor otherwise asserted the qualified immunity defense. Therefore, Defendants' motion to dismiss on the basis of the defense of qualified immunity should be denied without prejudice.

**B. Supervisor Liability**

Plaintiff alleges Defendants Nichols, McCraw, Gray, and Bradberry are "liable as supervisors for the violations of the Plaintiff's rights . . . as they each set in motion by their failure to train, supervise, and discipline the two officers a series of acts they knew or should have reasonably known would cause the subordinates to deprive the Plaintiff of his rights under the 4th, 5th, and 14th Amendments." Doc. 3 at 5. Plaintiff further alleges that "[e]ach of the named supervisors acquiesed [sic] to the illegal acts of Trooper Albritton and Felix in making illegal traffic stops without punishment or objection." Doc. 3 at 5-6. Except for his identification of Defendant Moore as "a sergeant and supervisor employee with the Texas Department of Public safety [sic]," Doc. 3 at 2, Plaintiff makes no allegations against him. These bare allegations do not amount to legally cognizable claims against Defendants Nichols, McCraw, Gray, Bradberry and Moore ("Supervisory Defendants"), who are not liable merely by virtue of their roles as supervisors.

Under section 1983, supervisory officials cannot be sued for the action of their subordinates based solely upon the theories of pure vicarious liability or *respondeat superior*. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981) (citation omitted). However, a supervisory official can be held liable for the constitutional violations of a subordinate if the official (1) "affirmatively participates" in the constitutional deprivation or (2) "implements unconstitutional policies that cause the constitutional deprivation." *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Absent "overt personal participation," a

plaintiff must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (quoting *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). "[P]roof of deliberate indifference[ ] generally requires a showing 'of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (quoting *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001)).

As the Complaint makes clear, the Supervisory Defendants did not affirmatively participate in the traffic stop at the center of this dispute. *Gates*, 537 F.3d at 435. Thus, contrary to Plaintiff's claim, they are not "liable as supervisors," or simply because they "acquiesced" in the actions of Troopers Felix and Albritton.

Additionally, Plaintiff does not allege the Supervisory Defendants implemented a policy that resulted in the deprivation of his constitutional rights. *Id.* Plaintiff's conclusory assertion that the Supervisory Defendants "knew or should have reasonably known" that Felix and Albritton would deprive him of his constitutional rights is insufficient to stave off dismissal, *Collins*, 224 F.3d at 498, particularly where Plaintiff has failed to allege anything resembling "at least a pattern of similar violations" evidencing inadequate training or supervision on the part of the Supervisory Defendants. *Thompson*, 245 F.3d at 459; *Burge*, 336 F.3d at 370. Plaintiff's bare assertions that the Supervisory Defendants failed to adequately train and supervise, apparently based on the June 2016 traffic stop and nothing more, is the kind of conclusory allegation and unwarranted deduction of fact that the Court cannot accept as true. *See Collins,*

224 F.3d at 498 (court cannot "accept as true conclusory allegations or unwarranted deductions of fact").

Thus, Plaintiff has failed to plead a viable claim for failure to adequately train or supervise, and his claims against Defendants Nichols, Moore, Gray, Bradberry, and McCraw should be dismissed.

### C.  Constitutional Violations

Plaintiff contends the Troopers violated his Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution by illegally detaining him without probable cause, illegally extending the detention to question him, and questioning him after he had invoked his right to counsel without his lawyer present.  Doc. 3 at 4-5.  Defendants argues that, *inter alia*, Plaintiff has failed to establish any constitutional violation or injury.  Doc. 6 at 6-7.

*Fourth Amendment Claim*

Among the guarantees of the Fourth Amendment of the United States Constitution is the right to be free of unreasonable searches and seizures. U.S. CONST. amend. IV.  A temporary detention attendant to a traffic stop by police is a "seizure" of the occupants and the vehicle within the meaning of the Fourth Amendment, *Heien v. North Carolina*, 135 S.Ct. 530, 536 (2014) (citation omitted), "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).  In determining the propriety of a traffic stop, the court must determine "'whether the officer's action was justified at its inception' and 'whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place.'" *U.S. v. Cooper*, 506 F. App'x 285, 285-86 (5th Cir. 2013) (quoting *U.S. v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003)).  However, reasonable suspicion may not be predicated on a mistake of fact, unless that mistake is

6

objectively reasonable.  *U.S. v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015).  The validity of a traffic stop is determined by examining "the totality of the circumstances – the whole picture."  *U.S. v. Chavez*, 281 F.3d 479, 485 (5th Cir. 2002) (quoting *U.S. v. Sokolow*¸ 490 U.S. 1, 7-8 (1989)).

If true, the facts in the Complaint are sufficient to allege that the traffic stop of Plaintiff was not objectively reasonable, and was, therefore, conducted in violation of Plaintiff's Fourth Amendment rights.  Specifically, Plaintiff alleges that (1) he did not commit a traffic violation; (2) the Troopers knew he did not commit a traffic violation; and (3) the Troopers nonetheless detained him.  Doc. 3 at 2-3.  He further alleges that Defendant Nichols subsequently confirmed, after review of the video recording of the incident, that the traffic stop should never have occurred.  Doc. 3 at 3.  These facts adequately support Plaintiff's claim that the traffic stop was not justified at its inception and that the troopers lacked reasonable suspicion to justify Plaintiff's detention, albeit temporary.  *Grant*, 349 F.3d at 196; *see also Gonzalez v. Huerta*, 826 F.3d 854, 857 (5th Cir. 2016) (emphasis in original), *cert. denied*, 137 S. Ct. 697 (2017) ("Reasonable suspicion must be present . . . *at the time of the decision to stop a person*.") (quoted case omitted).

Accordingly, Plaintiff's Fourth Amendment claim against Trooper Albritton survives dismissal at this stage.

### Fifth Amendment Claim

Under the Fifth Amendment of the United States Constitution, no person "shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. amend. V.  This right extends outside of the courtroom to custodial interrogation, unless the person knowingly and voluntarily waives the privilege.  *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).  Moreover,

a person "having expressed his desire to deal with the police only through counsel, is not subject to further [custodial] interrogation by the authorities until counsel has been made available to him," unless he validly waives his earlier request for the assistance of counsel.  *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981).

As best the Court can discern from the Complaint, Plaintiff's Fifth Amendment claim stems from his allegations that: (1) Trooper Felix attempted to "interrogate and question" him upon the initial traffic stop, (2) "Plaintiff asserted his right to remain silent, stated his non-consent to a search and requested a lawyer be present if any questioning was going to continue"; and (3) after Trooper Felix ran a check on Plaintiff's driver's license, he returned to Plaintiff's vehicle "and again attempted to question" him.  Doc. 3 at 3.  Defendants move to dismiss Plaintiff's Fifth Amendment claim against on the grounds that "mere questioning" by the police does not rise to the level of a constitutional violation.  Doc. 6 at 6.  Defendants further argue that after Plaintiff invoked his right to remain silent, his invocation was honored, and no criminal proceedings were initiated, thus Plaintiff has failed to plead facts implicating a violation of his Fifth Amendment rights.  Doc. 6 at 6-7.

While Defendants' dispute of the facts is not germane to the Court's determination of the merits of the motion to dismiss since Plaintiff's well-pleaded facts are deemed true, the Court nevertheless agrees that Plaintiff has failed to allege a viable claim that his Fifth Amendment right against self-incrimination was violated by the Troopers based on the facts alleged in the Complaint and the applicable law.

The Fifth Amendment "prohibits only compelled testimony that is incriminating."  *Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty.*, 542 U.S. 177, 189 (2004) (citation omitted). Upon invoking his Fifth Amendment right, Plaintiff alleges only that Trooper Felix "attempted to

question" him.  Doc. 3 at 3.  Plaintiff does not claim that he was compelled to give a statement,

much less that he made a statement that was incriminating.  Hiibel, 542 U.S. at 189.  Moreover,

Plaintiff admits that he was not charged or prosecuted as a result of the traffic stop, only given a

warning and then permitted to leave.  Doc. 3 at 3.  See Chavez v. Martinez, 538 U.S. 760, 766

(2003) (finding plaintiff could not allege a violation of his Fifth Amendment right where he "was

never prosecuted for a crime, let alone compelled to be a witness against himself in a criminal

case").

      Accordingly, Plaintiff's Fifth Amendment claims should be dismissed as to all

Defendants.

*Fourteenth Amendment Claims*

      As could even conceivably be relevant to Plaintiff's claims, the Fourteenth Amendment

of the United States Constitution provides that no State shall "deprive any person of life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws."  U.S. CONST. amend. XIV, § 1.  However, beyond his conclusory

assertions that Defendants violated his Fourteenth Amendment rights, Doc. 3 at 3-4, 7, Plaintiff

fails to offer any explanation of how his right to due process was violated.  See *Kinzie v. Dallas*

*Cty. Hosp. Dist.*, 239 F.Supp.2d 618, 638 (N.D. Tex. 2003) (Lindsay, J.), *aff'd* 106 F. App'x 192

(5th Cir. 2003) (dismissing plaintiff's section 1983 procedural due process claim under Rule

12(b)(6) where plaintiff failed to allege that he was entitled to procedural due process and failed

to explain how his due process rights were violated).  Moreover, Plaintiff offers no clue as to the

basis of any alleged equal protection violation; Plaintiff does not contend that he is a member of

a protected class, or that he was treated differently than other similarly-situated individuals.  See

*Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (to

9

state claim under the Equal Protection Clause, a section 1983 plaintiff must allege that he was intentionally (1) discriminated against because of his membership in a protected class, or (2) treated differently from other similarly situated individuals for no rational basis).

Thus, Plaintiff has failed to state either a due process or equal protection violation, and his Fourteenth Amendment claims should be dismissed as to all Defendants.

## V. LEAVE TO AMEND

Ordinarily, a plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  In this instance, Plaintiff has been dilatory in the prosecution of his claims, as illustrated by his failure to effectuate service on Trooper Felix or show good cause for the failure, and his failure to respond to Defendants' motion to dismiss that has pended more than five months.  Most recently, Plaintiff stated in his February 28, 2017 response to the Court's motion to show cause that he would "file a separate response to the Defendant's [sic] Motion to dismiss and motion or [sic] leave to file an amended complaint on this day."  Doc. 14 at 6.  As of the date of this recommendation, however, he has done neither.  Nonetheless, because Plaintiff has never before amended his complaint, it is recommended that he be granted a very limited period in which to attempt to cure the deficiencies identified herein, if at all possible.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Defendants' *Motion to Dismiss*, Doc. 6, be **GRANTED IN PART**.  All of Plaintiff's claims, except his Fourth Amendment claim against Troopers Adam Albritton and Carlos Felix for illegal detention, stemming from the June 2016 traffic stop, should be **DISMISSED WITHOUT PREJUDICE.**  Plaintiff should be

granted 21 days from the date of the Court order accepting this recommendation to file an

Amended Complaint curing the pleading deficiencies described, and addressing Defendants'

assertions of qualified immunity.  Should he fail to do so, on the re-urging of Defendants,

Plaintiff's claims, except his Fourth Amendment claim against Troopers Adam Albritton and

Carlos Felix for illegal detention, stemming from the June 2016 traffic stop, should be

**DISMISSED WITH PREJUDICE**.

       **SO RECOMMENDED** on March 9, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE