US District Court for the Northern District of Texas

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 3:16-cv-02120

)

) Carlos Felix, Adam Albritton, Thomas Moore, Bobby Nichols, Thomas Moore, Kevin Grey, Michael Bradberry, and Steven McCraw

) Defendants.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT -5 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

**Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment.**

1. The Plaintiff hereby Responds in Opposition to the Defendant's motion for summary judgment.

2. The Plaintiff has sued the Defendants for violating his 4th amendment rights pursuant to 42 USC 1983 relating to an illegal traffic stop in January 2016 by Troopers Felix and Albritton, Texas DPS state troopers, and the defendant troopers are not entitled to qualified immunity for their actions.

3. The Plaintiff relies on the following:

4. Exhibit A Dashcam Video of the traffic stop of the Plaintiff

5. Texas Department of Public Safety reports and statements by the Defendant officers, Exhibits B-D

## QUALIFIED IMMUNITY FOR THE DEFENDANTS SHOULD BE DENIED

6. The Defendants assert that they are entitled to qualified immunity in this case. A 3 minute review of the video indicates that the officers request for qualified immunity should be denied.

7. As the Defendants have cited in their motion, an analysis of Qualified Immunity is a 2 step process that evaluates 1: If a constitutional right was violated and 2: If that right was clearly established at the time, but offered no arguments about how the constitutional analysis applies to the fact of this case.

## THE PLAINTIFF'S RIGHTS WERE CLEARLY VIOLATED BY THE INITIAL TRAFFIC STOP AND EXTENSION OF THE TRAFFIC STOP

8. Nowhere in the Defendant's motion do they attempt to claim that the Plaintiff's rights were not violated, or that the traffic stop was justified at the inception. In fact, according to the summary judgment evidence, presented it is undisputed that an improper traffic stop occured and was not justified at the inception.

9. On an objective basis, the video shows and it is undisputed that the Plaintiff signaled his intention to chane lanes before changing lanes on a clear night within direct line of sight of the unwavering and unblinking eye of the dashboard camera. The one and only reason alleged for the traffic stop was that the Plaintiff

failed to signal the lane change, and quite clearly a lane change was signaled by the Plaintiff.

10. This video evidence is sufficient to satisfy the first prong of a constitutional right being violated, as the traffic stop was not justified at the inception and the Plaintiff's rights were violated under the constitution, which requires at least reasonable suspicion to be present for traffic stop to not violate the 4th amendment.[1]

11. No reasonable officer presented with the situation of a car signaling a lane change would think that the observed vehicle failed to signal. Only a plainly incompetent officer or one who deliberately is violating the law would initiate a traffic stop on the basis of failure to signal after observing the Plaintiff's vehicle under the circumstances.

12. After viewing the video of the traffic stop, the Defendants suddenly claimed in their unsworn testimony, contrary to their statements during the traffic stop that actually, neither one of the officers was looking at the Plaintiff's vehicle until after the Plaintiff's vehicle had fully changed lanes.

13. This provides an alternative, but unconvincing narrative that still doesn't alter the fact that no reasonable officer would have concluded that a traffic violation had occured under these new circumstances. To conclude that the Plaintiff had not signaled a lane change, the officers would have to be directly and continuously observing the Plaintiff's vehicle before , during, and after the lane change. First,

---

[1] Terry v. Ohio, 392 U.S. 1, 16 (1968), United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)

simply from a public safety standpoint, is is objectively not reasonable to drive without looking at the road ahead of you, and no reasonable person, police officer or otherwise would do this outside of exceptional circumstances.

14. In their unsworn testimony, Trooper Albritton claimed *"I had not observed his vehicle until it was halfway in the right lane and had not seen a flashing vehicle"* in his written statement dated 1/13/2016[2] and Trooper Felix stated in his written statement dated 1/13/2016 *"I continued to look in my side rear view mirror and check the speed of approaching vehicles behind me with my rear radar...When Mr. Cunningham began the lane change, I was still looking in my rear view mirror. I looked up after the vehicle had made its movement to the right lane. I observed the vehicle change lanes from the point that it was halfway into the right lane from the left lane and did not obseve the signal activated."*[3]

15. Even if both officers were apparently not watching vehicles and the road directly in front of them, it is still unreasonable to think that a vehicle failed to signal during a timeframe when, according to the statements of both Carlos Felix and Adam Albritton that he was looking away and in the driver's side mirror at traffic behind him at the time when the Plaintiff initiated the lane change and only began to observe the Plaintiff's vehicle when it was halfway into the right lane.

**WAS A REQUIREMENT TO HAVE REASONABLE SUSPICION CLEARLY ESTABLISHED BY THE COURTS AT THE TIME OF THE TRAFFIC STOP?**

---

[2] See Letter from Trooper Albritton dated 1/13/2016, Plaintiff's Exhibit B

[3] See Letter from Trooper Felix dated 1/13/2016, Plaintiff' Exhibit C

16. Nowhere in the Defendant's motion do they attempt to argue that the concept a traffic stop be predicated on reasonable suspicion is not clearly established. The US Supreme court, as well as every appeals court in the country, has held that an temporary detention must be based on reasonable suspicion more than 40 years ago[4]. This legal doctrine has been extended to traffic stops in multiple US Supreme Court cases more than 30-40 years ago as well in multiple cases which reiterated again and again a requirement to have actually observed a traffic infraction or some other reasonable suspicion to justify a traffic stop. [5]

17. The Defendants offer zero arguments or authorities that support any proposition that any reasonable officer in 2016 would be unclear on the requirement to have reasonable suspicion to initiate a traffic stop. None of the officers allege this in their statements, and the officer's superiors acknowledge that the traffic stop was improper and Trooper Felix was in error to initiate the traffic stop.

18. The Defendants even concede in their own motion that *"The investigation determined that Defendants had made a one-time, good-faith mistake in believing they had reasonable suspicion to stop Plaintiff"*[6], which proves the point that the Defendants lacked reasonable suspicion to justify the traffic stop. Captain Bob Nichols, a supervisor who reviewed and investigated the Plaintiff's complaint

---

[4] **Terry v. Ohio**, 392 U.S. 1 (1968)

[5] Delaware v. Prouse, 440 US 648(1979) and United States v. Brignoni-Ponce, 422 U.S. 873, and United States v. Martinez-Fuerte, 428 U.S. 543, and US v. Cortez, 449 US 411 (1981), and United States v. Hensley, 469 U.S. 221, 235 (1985)

[6] See Defendant's Motion, page 7, second paragraph

stated: *"Trooper Felix did not observe the brief signal intention that led to the reason for the traffic stop. The video clearly shows the brief signal given. Trooper Felix erred in stopping you for this violation."*[7] Furthermore, the Defendants concede that the Plaintiff was subjected to 11 minutes of inconvenience, which of which the majority was unreasonably extended by continued and unwanted questioning unrelated to the purpose of the initial traffic stop.

## THE PLAINTIFF'S COMPLAINT AND SUMMARY JUDGMENT RESPONSE MEETS THE HEIGHTENED PLEADING STANDARD AND DEMONSTRATES THE INAPPLICABILITY OF QUALIFIED IMMUNITY IN THIS CASE

19. Specific factual allegations were made in the Plaintiff's complaint regarding the actions of the defendants before and during the traffic stop. The Plaintiff has demonstrated and Defendants openly admit that the defendants didn't have reasonable suspicion to initiate a traffic stop and this requirement was clearly established by the courts at the time of the stop.

## CONCLUSION

20. The Plaintiff has sufficiently demonstrated that the Defendants are not entitled to Summary Judgment on their claims of qualified immunity. The court should deny their motion for qualified immunity and move the case to the next phase.

---

[7] See Plaintiff's Exhibit D, Letter from Bob Nichols dated May 13, 2016

*[signature: Craig Cunningham]*
Craig Cunningham
Plaintiff,

Pro-se, 9/29/2017

Mailing address:

5543 Edmondson Pike, ste 248 Nashville, TN 37211

Nashville, Tn 37211  615-348-1977

US District Court for the Northern District of Texas

)   Craig Cunningham

)   Plaintiff, pro se

)

)          v.

CIVIL ACTION NO. 3:16-cv-02120

)

) Carlos Felix, Adam Albritton, Thomas Moore, Bobby Nichols, Thomas Moore, Kevin Grey, Michael Bradberry, and Steven McCraw

)

)   Defendants.

### Plaintiff's Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the attorney of record in this case: Christopher Lee Lindsey, PO Box 12548 Austin, Tx 78711

*Craig Cunningham*
Plaintiff,

Pro-se 9/29/2017

5543 Edmondson Pike, ste 248

Nashville, TN 37211

615-348-1977